UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony R. Taylor, # 197565, | ) |
| | ) |
| | ) C/A No. 6:14-356-TLW-KFM |
| Petitioner, | ) |
| | ) |
| vs. | ) |
| | ) **Report and Recommendation** |
| Cecilia R. Reynolds, *Warden*, | ) |
| | ) |
| | ) |
| Respondent. | ) |

_____

### *Background of this Case*

Petitioner is an inmate at the Kershaw Correctional Institution of the South Carolina Department of Corrections. In the above-captioned habeas corpus action brought pursuant to 28 U.S.C. § 2241, Petitioner raises one ground: the trial judge abused his discretion in the sentencing hearing by sentencing Petitioner to terms greater than the statutory maximum "allowable under both State and Federal law for the crimes committed." (ECF No. 1 at 8).

On June 19, 1996, in the Court of General Sessions for Richland County, Petitioner was convicted after jury trial of possession with intent to distribute marijuana (third offense) and of distribution of marijuana and was given consecutive sentences of twenty (20) and ten (10) years in prison. On May 21, 1998, the South Carolina Court of Appeals affirmed the convictions in Opinion No. 98-UP-185 after Petitioner's appellate counsel filed an *Anders* brief.

On November 12, 1998, Petitioner filed an application for post-conviction relief (Case No. 98-CP-40-4140).  The Court of Common Pleas dismissed the application on February 28, 2000.

On June 26, 2000, Petitioner filed a second application for post-conviction relief (Case No. 00-CP-40-2484).  The Court of Common Pleas dismissed the application on December 13, 2001.

On July 2, 2004, Petitioner filed his third application for post-conviction relief (Case No. 04-CP-40-3255), which was summarily dismissed by the Court of Common Pleas on March 16, 2006.

Petitioner filed a fourth application for post-conviction relief (Case No. 2011-CP-40-5965) and raised the ground relating to the statutory maximum of his sentences (ECF No. 1 at 8).  The Court of Common Pleas denied relief on September 16, 2013, and the Supreme Court of South Carolina dismissed Petitioner's appeal on December 2, 2013.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act (AEDPA), as amended.  Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008).  Even under this less

2

stringent standard, the Petition is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

The styling or captioning of the Petition as a Section 2241 Petition will not enable this Court to address Petitioner's Section 2254 claims.  *See Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004) ("A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition."), which is cited in *Taylor v. Reynolds*, C.A. No. 6:12-2831-TLW-KFM, 2012 WL 5381196, at *2 (D.S.C. Oct. 4, 2012) (prior § 2241 action filed by Petitioner), *adopted by* 2012 WL 5381205 (D.S.C. Oct. 1, 2012), and in *Ferrell v. Warden of Lieber Corr. Inst.*, C.A. No. 9:10-1223-CMC-BM, 2010 WL 3258297, at *2 (D.S.C. June 28, 2010), *adopted by* 2010 WL 3258295 (D.S.C. Aug. 16, 2010).  *Thomas v. Crosby* was also cited by the Honorable Henry F. Floyd, (then) United States District Judge, in *Rochester v. Reynolds*, C.A. No. 8:10-1879-HFF-BHH, 2010 WL 3786193, at *2 (D.S.C. Sept. 21, 2010) (collecting cases); *cf. Gregory v. Coleman*, 218 F. App'x 266, 267 n. 1 (4th Cir. 2007) (noting disagreements among other United States Courts of Appeals as to whether 28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his or her underlying state court conviction).

3

Petitioner's one ground raised in the Petition is a Section 2254-type ground because he is challenging the actual sentences entered by the trial judge in the Court of General Sessions. *See, e.g., Hao Qing Zhan v. Wilson*, C.A. No. 8:12-3052-RBH, 2013 WL 4500055, at *5–6 (D.S.C. Aug. 19, 2013). Petitioner is not alleging that the South Carolina Department of Corrections is improperly executing the sentences entered by the trial judge. As a result, the claims raised by Petitioner in the above-captioned case are successive Section 2254 claims.

On January 24, 2003, in *Anthony R. Taylor v. Warden Colie Rushton*, C.A. No. 6:03-0257-HMH-WMC, Petitioner brought a Section 2254 habeas corpus action with respect to his convictions entered in the Court of General Sessions for Richland County on June 19, 1996, and he paid the five-dollar ($5) filing fee. Petitioner filed his own motion for summary judgment on April 10, 2003, and counsel for the respondent on May 21, 2003, filed a return, memorandum, and motion for summary judgment. On May 27, 2003, the Honorable William M. Catoe, United States Magistrate Judge, issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), apprising Petitioner of the dispositive motion procedure. Petitioner filed his response on June 13, 2003. In a Report and Recommendation filed on June 23, 2003, Magistrate Judge Catoe recommended that Petitioner's motion for summary judgment be denied and that the respondent's motion for summary judgment be granted. The parties were apprised of their right to file timely written objections to the Report and Recommendation and of the serious consequences of a failure to do so. Petitioner filed timely written objections on July 3, 2003. In an Order filed on July 22, 2003, the Honorable Henry M. Herlong, Jr., United States District Judge, adopted the Report and Recommendation, denied Petitioner's motion for summary

judgment, and granted the respondent's motion for summary judgment.    Petitioner's

subsequent appeal (Fourth Circuit Docket No. 03-7195) was not successful.    On

December 4, 2003, the United States Court of Appeals for the Fourth Circuit dismissed the

appeal and denied a certificate of appealability, and the Supreme Court of the United

States subsequently denied discretionary appellate review.    *See Taylor v. Rushton*, 82 F.

App'x 303 (4th Cir. 2003) (*per curiam*), *cert. denied*, 541 U.S. 1088 (2004).

       The standard for determining whether a petition is successive appears in

*Slack v. McDaniel*, 529 U.S. 473, 485-89 (2000) (to qualify as "successive" petition, prior

petition must have been adjudicated on the merits).    Since Civil Action No. 6:03-0257-

HMH-WMC was decided by summary judgment, the Petition in the above-captioned case

is successive, notwithstanding Petitioner's subsequent post-conviction proceedings in Case

No. 2011-CP-40-5965, which were concluded on December 13, 2013, when the Supreme

Court of South Carolina dismissed Petitioner appeal (ECF No. 1 at 8).

       This court may take judicial notice of Civil Action No. 6:03-0257-HMH-WMC.

*See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the

most frequent use of judicial notice is in noticing the content of court records.'"); and *Mann

v. Peoples First National Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954).

       When a petitioner has previously litigated a § 2254 petition, he or she must,

"[b]efore a second or successive application permitted by this section is filed in the district

court," . . . "move in the appropriate court of appeals for an order authorizing the district

court to consider the application."    28 U.S.C. § 2244(b)(3)(A). *See also* Rule 9, Rules

Governing Section 2254 Cases in the United States District Courts:  "Before presenting a

second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2243(b)(3) and (4)."

There is no indication in the present Petition that Petitioner has sought leave from the United States Court of Appeals for the Fourth Circuit to file the Petition in the above-captioned case. *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1996) ("Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals."); *see also In re: Williams*, 330 F.3d 277, 281–84 (4th Cir. 2003).

### *Recommendation*

Accordingly, it is recommended that the § 2241 Petition be dismissed *without prejudice and without requiring Respondent to file an Answer or return*. It is also recommended that the District Court deny a Certificate of Appealability. Petitioner's attention is directed to the important notice on the next page.

February 20, 2014                          s/ Kevin F. McDonald
Greenville, South Carolina                 United States Magistrate Judge

6

### Notice of Right to File Objections to Report and Recommendation

Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).